**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
Pamela E. Prescott, Esq. (SBN: 328243)
pamela@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**PARKER COLE, P.C.**
Michael R. Parker (SBN: 271242)
michael@parkercolelaw.com
Kevin Cole (SBN: 321555)
kevin@parkercolelaw.com
6700 Fallbrook Ave., Suite 207
West Hills, California 91307
Telephone: (818) 292-8800
Facsimile: (818) 292-8337

*Attorneys for Plaintiffs*
Jialu Wu and Song He

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIALU WU and SONG HE, both individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>ITALK GLOBAL COMMUNICATIONS, INC.,<br><br>      Defendant. | Case No.: 2:20-cv-07150-PSG-PJW<br><br>*Assigned to Hon. Philip S. Gutierrez*<br><br>**PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>(JURY TRIAL DEMANDED) |

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

## **INTRODUCTION**

1.  Plaintiffs Jialu Wu and Song He ("Plaintiffs") bring this Class Action Complaint to challenge the deceptive advertising and business practices of Defendant iTalk Global Communications Inc. ("iTalk" or "Defendant") with regards to Defendant's practice of making automatic renewal offers and continuous service offers, as those terms are defined by Cal. Bus. & Prof. Code §§ 17600, *et seq*. ("California's Automatic Renewal Law"), to California consumers in violation of California's Unfair Competition Law (the "UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*.  Among other things, Defendant enrolls consumers in automatic renewal and continuous service subscriptions without providing consumers with clear and conspicuous disclosures as required by California Law; charges consumers' for said services without first obtaining the consumer's affirmative consent; and fails to provide consumers with the ability to cancel Defendant's services online.

2.  Through this action, Plaintiffs, both individually and on behalf of the class of all other similarly situated consumers, seek to enjoin Defendant's practice of making automatic renewal and continuous service offers, as those terms are defined by California's Automatic Renewal Law, to California consumers and the general public, for Defendant's commercial purposes and pecuniary gain.

3.  Defendant's automatic renewal and continuous service offers are a scheme carried out by Defendant which involves making money from California consumers through false, deceptive, and misleading means by charging California consumers for automatic renewal offers as defined by California's Automatic Renewal Law, without the knowledge of those consumers, throughout the period covered by the applicable statute of limitations in violation of California's Unfair Competition Law.

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

4.  Defendant makes automatic renewal or continuous service offers to California consumers, including Plaintiffs and Class members, in violation of California's Automatic Renewal Law.

5.  Plaintiffs allege as follows based upon information and belief, with the exception of those allegations that pertain to Plaintiffs, which they each allege upon personal knowledge as to themselves and their own acts and experiences.

6.  Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendant.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because the total matter in controversy exceeds $5,000,000 and there are over 100 members of the proposed class. Further, at least one member of the proposed class is a citizen of a State within the United States and at least one defendant is the citizen or subject of a foreign state.

8.  The Central District of California has personal jurisdiction over Defendant because Defendant is a business entity authorized to conduct and does conduct business in the State of California. Defendant is registered with the California Secretary of State to do sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally avails itself of the California market through its promotion, sales, distribution, and marketing within this State to render the exercise of jurisdiction by this Court permissible.

9.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendant transacts substantial business in this District and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

- 3 -

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

**PARTIES**

10.   Plaintiff Jialu Wu ("Mr. Wu") is, and at all times mentioned herein was, a
      resident of the County of Los Angeles, State of California. Mr. Wu is, and at all
      times mentioned herein was, a natural person and a "consumer" for purposes of
      Cal. Bus. & Prof. Code § 17601(d) and a "person" as defined by Cal. Bus. &
      Prof. Code § 17201.

11.   Plaintiff Song He ("Mr. He") is a resident of the County of Los Angeles, State
      of California. Mr. He is a natural person and a "consumer" for purposes of Cal.
      Bus. & Prof. Code § 17601(d) and a "person" as defined by Cal. Bus. & Prof.
      Code § 17201.

12.   Defendant is a limited liability company formed under the laws of the State of
      Texas, with headquarters in Washington and Virginia and a "person" as defined
      by Cal. Bus. & Prof. Code § 17201.

13.   Defendant offers consumers international phone, internet, and television
      equipment and services, which can be purchased on Defendant's website, and
      Defendant conducts business in the State of California and in the County of Los
      Angeles.

**FACTUAL ALLEGATIONS**

14.   Plaintiffs reallege and incorporate by reference all of the above paragraphs of
      this Complaint as though fully stated herein.

15.   At all times relevant, Defendant made and continues to make automatic renewal
      offers and continuous service offers, as those terms are defined by California's
      Automatic Renewal Law to Plaintiffs and other consumers similarly situated.

16.   Defendant is in the business of providing international communication and
      television services to consumers around the globe.

- 4 -
PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

17. Part of Defendant's telecommunication services includes Defendant's iTalkBB Chinese TV ("iTalkBB"), which is similar to a cable box and connects to a consumer's television.

18. Once Defendant's iTalkBB service is connected, a consumer has unlimited access to popular Chinese movies and television shows in high definition.

19. Part of the purchase of iTalkBB requires a consumer to elect to either pay a one-time activation fee for iTalkBB and purchase a telephone service at the same time, or the consumer can elect to pay a monthly payment for only the iTalkBB service.

20. Defendant automatically renews purchases of Defendant's services in a manner that violates California law by offering consumers a one-time payment for Defendant's services, when Defendant is actually enrolling consumers into an automatic renewal program and continuous service, without consumers' affirmative consent.

**Plaintiff Jialu Wu's Automatic Enrollment in Violation of the ARL**

21. On or about October 15, 2016, Mr. Wu purchased an iTalkBB Program (the "Service") online from Defendant's website, https://www.italkbb.com/us/en/index.html.

22. Mr. Wu elected to purchase the iTalkBB service from Defendant for a one-year period.

23. At the time Mr. Wu purchased the iTalkBB service, it was represented to Mr. Wu that he was signing up for a one-year promotional bundle service, which included the iTalkBB, a landline phone, and internet.

24. Defendant offered this promotion to Mr. Wu for $49.99 for one year of service.

25. Based on the representations on Defendant's website which Mr. Wu relied upon, Mr. Wu believed the Service was a one-time purchase, lasting for a period of one-year.

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

26.   The Service is listed as "US TV 1yr Signup no contract" on Mr. Wu's receipt, and Mr. Wu paid $49.99 for this one-year Service.

27.   At the time Mr. Wu purchased the Service on the Defendant's website, there were no clear and conspicuous disclosures alerting Mr. Wu that he would be consenting to an automatic renewal offer and/or continuous service.

28.   Defendant did not provide Mr. Wu with a clear process for cancellation, or any direct link to an online cancellation procedure, or any refund policies.

29.   At the time Mr. Wu purchased the Service, Defendant did not disclose to Mr. Wu that the Service would continue beyond Mr. Wu's one-time purchase, and did not clearly and conspicuously state how and when Mr. Wu could cancel before automatically being charged again by Defendant.

30.   After Mr. Wu's purchase of the Service, Defendant failed to provide disclosures that Mr. Wu would be automatically charged, and Defendant failed to obtain Mr. Wu's explicit consent before charging Mr. Wu again.

31.   Defendant did not include any information on Defendant's website indicating how to cancel the Service, and provided no mechanism to cancel the Service on Defendant's website.

32.   Defendant's Service is an automatic renewal and/or continuous service plan or arrangement as defined by Cal. Bus. & Prof. Code § 17601.

33.   In or around October 2017, Defendant charged $57 to Mr. Wu's credit card without Mr. Wu's affirmative consent for the iTalkBB service.

34.   Defendant has continued to charge Mr. Wu annually for the iTalkBB service, without Mr. Wu's affirmative consent.

35.   Most recently, in February 2020, when the iTalkBB service automatically renewed, Defendant increased the price without notice to Mr. Wu and charged $74.99 to Mr. Wu's credit card without Mr. Wu's affirmative consent.

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

36.  At the time Mr. Wu purchased the Service, Defendant failed to present Defendant's automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner, as defined by California's Automatic Renewal Law, before the subscription or purchasing agreement was fulfilled, and in visual or temporal proximity to Defendant's request for consent to the offer.

37.  At the time Mr. Wu purchased the Service, Defendant charged Mr. Wu for an automatic renewal offer without first obtaining Mr. Wu's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms.

38.  At the time Mr. Wu subscribed to Defendant's Service, Mr. Wu was subjected to Defendant's unlawful policies and/or practices, as set forth herein, in violation of Cal. Bus. & Prof. Code §§ 17600, *et seq*.

39.  Defendant failed provided an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel the Service in a manner that is capable of being retained by the consumer, in violation of Cal. Bus. & Prof. Code §§ 17600, *et seq*.

40.  Defendant failed to provide Mr. Wu a cost-effective, timely, and easy-to-use mechanism for cancelation of the Service, in violation of Cal. Bus. & Prof. Code §§ 17600, *et seq*.

41.  Defendant failed to provide Mr. Wu with a means to terminate the automatic renewal or continuous service exclusively online, in violation of Cal. Bus. & Prof. Code §§ 17600, *et seq*.

42.  Defendant failed to provide clear and conspicuous notice of the material change and provide information regarding how to cancel the Service in a manner that is capable of being retained by the consumer, in violation of Cal. Bus. & Prof. Code §§ 17600, *et seq*.

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

43. Had Mr. Wu known that Defendant would enroll him in a program under which Defendant would automatically renew his purchase for a subsequent term and automatically charge the associated renewal fee, especially at an increased rate, to Mr. Wu's credit card without clear and conspicuous advanced notice or his affirmative consent, Mr. Wu would not have purchased the Service.

44. The material circumstances surrounding this experience by Mr. Wu were the same, or nearly the same, as the other class members Mr. Wu proposes to represent, and Mr. Wu and all putative class members were required to pay, and did pay, money for the Service advertised, marketed, and sold by Defendant to Mr. Wu and other similarly situated consumers.

**Plaintiff Song He's Automatic Enrollment in Violation of the ARL**

45. On or about December 31, 2014, Mr. He purchased Defendant's Service online from Defendant's website, https://www.italkbb.com/us/en/index.html.

46. On or about January 14, 2017, Mr. He cancelled Defendant's Service by calling and speaking with one of its customer service representatives.  Mr. He wanted and expected to be able to cancel Defendant's Service online, but Defendant's website did not provide an option to cancel online.

47. When Mr. He spoke with one of Defendant's representatives, he was told his Service was cancelled.   He also received an e-mail from Defendant, at approximately 9:15 a.m. on January 14, 2017, confirming that his Service was cancelled.   What follows is a screenshot capturing a portion of the e-mail Mr. He received (with his e-mail redacted to maintain his privacy):

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT



48.    Unfortunately, and to Mr. He's surprise, his service was not cancelled.  Instead, just a few hours after he received confirmation his Service was cancelled, his Service was not only reinstated, but automatically renewed for another full year of service.  What follows is a screenshot capturing a portion of the e-mail Mr. He received at approximately 4:15 p.m. on January 14, 2017 (with his e-mail redacted to maintain his privacy):

---------- Forwarded message ----------
From: **iTalkBB Customer Support** <Cust_support@italkbb.com>
Date: Sat, Jan 14, 2017, 4:15 PM
Subject: 中文電視服務成功續訂確認 Congratulations! Your Chinese TV Service Has Been Successfully Renewed.
To: 

Your iTalkBB Home Phone 899 number: 6997177881    **Login Account**
(View bills, update E911 address and email and etc)
Refer a friend Get great rewards

中文版

### iTalkBB Chinese TV Renew Confirmation

Dear He Song:

Thank you for choosing iTalkBB Chinese TV in the past year.

Your 1-year free iTalkBB Chinese TV service expired on **2017/01/14**. In an auto-renewal notification we sent you earlier, we offered you a special discounted renewal rate of $ 49.99/year with no contract commitment to appreciate your continuous support.

This is to notify that your service has been successfully renewed for another 12 months with details as below:

**iTalkBB Chinese TV**
**Period of service:** 2017/01/15-2018/01/14
**Price: $49.99**

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

49. Almost immediately after receiving Defendant's e-mail, Mr. He attempted to cancel his Service.  As was the case when he tried to cancel his prior Service, Mr. He attempted to cancel Defendant's Service online, but Defendant's website did not provide an option to cancel online.

50. Mr. He then tried calling Defendant to speak with a service representative, but was unable to reach a live person.

51. Mr. He was ultimately charged $49.99 for a full year of service, even though it was his clear desire to have no further services of Defendant.

52. Not only did Defendant automatically enroll Mr. He in another year of Service, it did not provide him with a clear process for cancellation, or any direct link to an online cancellation procedure, or any refund policies.  Defendant did not include any information on Defendant's website indicating how to cancel the Service, and provided no mechanism to cancel the Service on Defendant's website.

53. By being automatically enrolled in Defendant's Service without ever having given his consent, and after having been told his Service was cancelled, Mr. He was subjected to Defendant's unlawful policies and/or practices, as set forth herein, in violation of Cal. Bus. & Prof. Code §§ 17600, *et seq.*

54. Defendant also failed to provide an acknowledgment that included the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel the Service in a manner that is capable of being retained by the consumer, in violation of Cal. Bus. & Prof. Code §§ 17600, *et seq.*

55. Defendant failed to provide Mr. He a cost-effective, timely, and easy-to-use mechanism for cancelation of the Service, in violation of Cal. Bus. & Prof. Code §§ 17600, *et seq.*

- 10 -

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

56.  Defendant failed to provide Mr. He with a means to terminate the automatic renewal or continuous service exclusively online, in violation of Cal. Bus. & Prof. Code §§ 17600, *et seq*.

57.  Defendant failed to provide clear and conspicuous notice of the material change and provide information regarding how to cancel the Service in a manner that is capable of being retained by the consumer, in violation of Cal. Bus. & Prof. Code §§ 17600, *et seq*.

58.  The material circumstances surrounding this experience by Mr. He were the same, or nearly the same, as the other class members Mr. He proposes to represent, and Mr. He and all putative class members were required to pay, and did pay, money for the Service advertised, marketed, and sold by Defendant to Mr. Wu and other similarly situated consumers.

59.  On information and belief, Mr. He is one of many of Defendant's customers who attempted to cancel his service but could not do so. Recent reviews of Defendant on the Better Business Bureau's website suggest Mr. He's claims are typical of many other customers (screenshots from https://www.bbb.org/us/va/mclean/profile/voice-over-internet-protocol-sales-and-service/italk-global-communications-inc-0241-204230814/customer-reviews):



Min S
★☆☆☆☆

10/24/2020

This is a scam. I have been trying to close my account but most times the I get put on hold and eventually the call disconnects. The odd times I get to an actual person, they claim they do not speak English and will have someone to call back to follow up. I even went to speak with someone at the front counter of one of their outlets, same story. No English. Can't help. This has been going on for the past 3 months. I signed up through an agent who did not give me any 'box' when I signed up and this agent is nowhere to be found. On their company website, it says they are A+ rated by BBB. Seriously? Min S

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT



alex d
⭐☆☆☆☆

02/09/2020

They advertise me monthly fee of $9.99 and $10 activation fee, including 200mins of talk time. I used two months total should be $30. They charged me $90 dollars. Tried to contact them multiple times and they refused to refund the money, claiming that minutes are not included. The rest of the money is for talk time, they can't even provide an invoice...never got any! I canceled Dec 15 and they are still charging me money on February.



Chao W.
⭐☆☆☆☆

11/04/2018

It's Scam! Do not sign up for any of their services. They have no customer support other than keep redirecting to other department or wait for call back. I signed up a service because they told me that they could help me lower my current Internet service provider. After 6 months later, nothing happened except they started charging my credit $9 per month! When I tried to call and cancel their service or contract, they told me there is a cancellation penalty of $130! And when I mentioned that I am not getting the services they promised, they said there is not record of service they promised! It was ridiculous! Lucky that I still have my contract and they said that they will have a manager call me back within 4 days. I still haven't heard from them! It's a total SCAM! Shame on your guys trying to cheat the Asian communities!

## **CLASS ACTION ALLEGATIONS**

60.   Plaintiffs bring this action on behalf of themselves and all persons similarly situated pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following class:

> All persons in the United States who purchased an iTalkBB or other similar service from Defendant via Defendant's website as part of an automatic renewal plan or continuous service offer for products and services from Defendant within the four years prior to the filing of this Complaint.

61.   The above-described class of persons shall hereafter be referred to as the "Class." Excluded from the Class are any and all past or present officers,

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

directors, or employees of Defendants, any judge who presides over this action, and any partner or employee of Class Counsel. Plaintiffs reserve the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

62. The "Class Period" means four years prior to filing of the Complaint in this action.

63. Plaintiffs also seek certification of the following sub-class pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure:

> All persons in California who purchased an iTalkBB or other similar service from Defendant via Defendant's website as part of an automatic renewal plan or continuous service offer for products and services from Defendant within the four years prior to the filing of this Complaint.

64. The above-described class of persons shall hereafter be referred to as the "California Class." Excluded from the California Class are any and all past or present officers, directors, or employees of Defendants, any judge who presides over this action, and any partner or employee of Class Counsel. Plaintiffs reserve the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

65. There is a well-defined community of interest in the litigation, the proposed class is easily ascertainable, and Plaintiffs are each a proper representative of the Class and or the California Class.

66. ***Ascertainability***: Class members are readily ascertainable from Defendant's own records and/or Defendant's agents' records.

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

67. ***Numerosity***: The Class is so numerous that joinder of all members in one action is impracticable. The exact number and identities of the members of the Class is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, but on information and belief, Plaintiffs allege that there are tens of thousands of members of the Class. The precise number of Class members is unknown to Plaintiff..

68. ***Commonality***: There are questions of law and fact common to Plaintiffs and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

    i)    Whether Defendant charged Plaintiffs and Class members' payment method for an automatic renewal or continuous service without first obtaining Plaintiffs' and Class members' affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms;

    ii)    Whether Defendant's conduct is an unfair, fraudulent, or unlawful act or practice within the meaning of California Business & Professions Code §§ 17200, *et seq*.;

    iii)    Whether Defendant's advertising is unfair, deceptive, untrue or misleading within the meaning of California Business & Professions Code §§ 17200, *et seq*.;

    iv)    Whether the Plaintiffs and Class members are entitled to equitable relief, including but not limited to injunctive relief as sought herein.

69. ***Typicality***: Plaintiffs' claims are typical of the claims of the members of the Class in that Plaintiffs are members of the Class they seeks to represent. Similar to members of the Class, Defendant enrolled Plaintiffs in an automatic renewal and continuous service subscription without being provided clear and conspicuous disclosures as required by California Law, Plaintiffs were charged

- 14 -

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

for said services without Plaintiff's affirmative consent; and Plaintiffs were not provided with information on how to cancel said services. Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all absent members of the Class. Defendant has no defenses unique to the Plaintiffs.

70. ***Adequacy of Representation***: Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs' interests do not conflict with those of Class members. Plaintiffs have retained counsel experienced in consumer protection law, including class actions, and specifically, California's Automatic Purchase Renewal Law. Plaintiffs have no adverse or antagonistic interest to those in the Class and will fairly and adequately protect the interests of the Class. Plaintiffs' attorneys are aware of no interests adverse or antagonistic to those of Plaintiffs and the proposed Class.

71. ***Superiority of Class Action:*** A Class Action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Plaintiffs and Class members have suffered or may suffer loss in the future by reason of Defendant's unlawful policies and/or practices. Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Certifying this case as a class action is superior because it allows for efficient relief to Class members, and will thereby effectuate California's strong public policy of protecting the California public from violations of its laws.

72. Even if every individual Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

individual litigation of the numerous cases were to be required. Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.

73. By contrast, conducting this action as a class action will present fewer management difficulties, conserve the resources of the parties and the court system, and protect the rights of each Class member.  Further, it will prevent the very real harm that would be suffered by numerous putative Class members who will be unable to enforce individual claims of this size on their own, and by Defendant's competitors, who will be placed at a competitive disadvantage because they chose to obey the law.  Plaintiffs anticipate no difficulty in the management of this case as a class action.

74. Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

### FIRST CAUSE OF ACTION

### VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.

### [CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL")]

75. Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

76. Plaintiffs and Defendant are "person[s]" as defined by California Business & Professions Code § 17201. California Bus. & Prof. Code § 17204 authorizes a private right of action on both an individual and representative basis.

77. "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," three of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business

- 16 -

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising."  The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

78.  By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct that constitutes (a) unlawful, (b) unfair, and (c) fraudulent business practices prohibited by Bus. & Prof. Code §§ 17200 *et seq*.

### *(a) Unlawful" Prong*

79.  As a result of Defendant's acts and practices in violation of California's Automatic Renewal Law, California's Bus. & Prof. Code §§ 17600, *et seq*., Defendant has violated California's Unfair Competition Law, Business & Professions Code §§ 17200 *et seq*., which provides a cause of action for an "unlawful" business act or practice perpetrated on members of the California public.

80.  Specifically, at a date presently unknown to Plaintiffs, but at least four years prior to the filing of this action, and as set forth above, Defendant has engaged in the practice of making automatic renewal offers and continuous service offers, as those terms are defined by Cal. Bus. & Prof. Code §§ 17600, *et seq*. ("California's Automatic Purchase Renewal Law"), to California consumers and the general public.

81.  Plaintiffs and members of the Class have suffered an "injury in fact" and have lost money and/or property as a result of Defendant's: (a) failure to present Defendant's automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer; (b) charges to the consumer's credit or debit card or the consumer's

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

account for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms; (c) failure to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer; and where Defendant's offer includes a free trial, Defendant also fails to disclose in the acknowledgment how to cancel and allow the consumer to cancel before the consumer pays for the goods or services; (d) failure to provide cost-effective, timely, and easy-to-use mechanism for cancellation; (e) failure to provide consumers who accept an automatic renewal or continuous service offer online to terminate the automatic renewal or continuous service exclusively online, in violation of Cal. Bus. & Prof. Code §§ 17600, *et seq.;* and (f) failing to provide clear and conspicuous notice of the material change and provide information regarding how to cancel in a manner that is capable of being retained by the consumer in violation of Cal. Bus. & Prof. Code §§ 17600, *et seq.*

82. Pursuant Cal. Bus. & Prof. Code § 17603, all products received by Plaintiffs and Class members are deemed to be an unconditional gift.

83. Defendant had other reasonably available alternatives to further its legitimate business interest, other than the conduct described herein, such as adequately disclosing the terms of Defendant's automatic renewal offers and continuous service offers, as set forth by Cal. Bus. & Prof. Code §§ 17600, *et seq.*

84. Plaintiffs and Class members reserve the right to allege other violations of law, which constitute other unlawful business practices or acts, as such conduct is ongoing and continues to this date.

///

 ///

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

### *(b) "Unfair" Prong*

85.   Defendant's actions and representations constitute an "unfair" business act or practice under § 17200 in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. Without limitation, it is an unfair business act or practice for Defendant to knowingly or negligently fail to adequately disclose the terms of Defendant's automatic renewal offers and continuous service offers, as set forth by Cal. Bus. & Prof. Code §§ 17600, *et seq.*

86.   At a date presently unknown to Plaintiffs, but at least four years prior to the filing of this action, and as set forth above, Defendant has committed acts of unfair competition as defined by Cal. Bus. & Prof. Code §§ 17200 *et seq.*, as alleged further detail above and herein.

87.   Plaintiffs and other members of the Class could not have reasonably avoided the injury suffered by each of them.

88.   Plaintiffs reserve the right to allege further conduct that constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date, as Defendant continues to make automatic renewal offers and continuous service offers in the manner described above in herein, in violation of California Business & Professions Code §§ 17600, *et seq.* and California Business & Professions Code §§ 17200, *et seq.*

### *(c) "Fraudulent" Prong*

89.   The UCL also prohibits any "fraudulent business act or practice." Defendant's above-described claims, omissions, nondisclosures and misleading statements were false, misleading and likely to deceive the consuming public in violation of the UCL.

- 19 -

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

90.  As a direct and proximate result of Defendant's conduct, wrongful actions, inaction, omissions, and nondisclosures, Plaintiffs and the Class have suffered (and will continue to suffer) damages.

91.  Unless enjoined, Plaintiffs and the general public will continue to face injury, as Defendant will continue to engage in the above-described wrongful conduct. Plaintiffs therefore, on behalf of themselves and the Class and the general public, also seeks restitution and an injunction prohibiting Defendant from continuing such business practices and requiring Defendant to modify its disclosures and notices regarding automatic renewal of its services or programs, its refund policies, and a clear and conspicuous notice in the initial offer explaining how consumers can cancel before being charged again, and a clear process for cancellation with a direct link to cancellation procedures online.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully requests the Court grant Plaintiffs and the Class members damages against Defendant and relief as follows:

- That this action be certified as a Class Action, establishing the Class and any appropriate sub-classes that the Court may deem appropriate;
- Appointing Plaintiffs as the representative of the Class and/or the California Class;
- Appointing the law firms representing Plaintiffs as Class Counsel;
- That the Court find and declare that Defendant has violated the UCL and committed unfair, unlawful, and/or deceptive business practices;
- Injunctive relief requiring Defendant to truthfully advertise and clearly and conspicuously disclose its automatic renewal terms, cancelation procedure, and refund policy for its iTalkBB service and other similar services pursuant to Bus. & Prof. Code § 17203;

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

- An award of reasonable attorneys' fees and costs of this suit for Plaintiffs and the Class pursuant to Code of Civil Procedure § 1021.5 and/or any other applicable law; and,

- Any and all other relief as this Court may deem necessary or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and the Class, hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims so triable.

Dated: December 7, 2020                    Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**


By: */s/ Abbas Kazerounian*
    Abbas Kazerounian, Esq.
    Mona Amini, Esq.
    Pamela Prescott, Esq.


**PARKER COLE, P.C.**


By: */s/ Kevin J. Cole*
    Kevin J. Cole, Esq.
    Michael R. Parker, Esq.

    *Counsel for Plaintiffs*

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT